**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-27167-ALTMAN**

**JUAN RODRIGUEZ CRESPO**,

*Petitioner*,

*v.*

**U.S. DEPARTMENT OF HOMELAND SECURITY**, *et al.*,

*Respondents*.
_______________________________________/

## ORDER

Our Petitioner, Juan Rodriguez Crespo, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF No. 1]. Crespo, who was confined at the Krome North Service Processing Center in Miami when he filed the Petition, challenges the lawfulness of his detention in the custody of U.S. Immigration and Customs Enforcement ("ICE"). *See generally* Pet. But the Respondents filed a notice of release, stating that Crespo "was released on an Order of Supervision on October 29, 2026." Notice of Release ("Notice") [ECF No. 6] at 1. Crespo has not responded to the Notice. *See generally* Dkt.

A case becomes moot "when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Ethredge v. Hail*, 996 F.2d 1173, 1175 (11th Cir. 1993). And, "[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the [petitioner] . . . meaningful relief, then the case is moot and must be dismissed." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001) (cleaned up). Here, Crespo was "[r]eleased" from immigration detention on an "[o]rder of supervision." Detention History [ECF No. 6-1] at 1 (cleaned up). The issue, then, is "whether [the] petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy[.]" *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (cleaned up). Because Crespo's only request for relief was that we "order [his] release from custody"—and

since he's since been released under an order of supervision—there's no live controversy for us to review. Pet. at 7 (cleaned up); *see, e.g.*, *France v. Ripa*, 2025 WL 973532, at *3 (S.D. Fla. Apr. 1, 2025) (Altman, J.) (dismissing the petition as moot where the petitioner "claimed that his mandatory detention without a bond hearing violated due process, but now (to state the obvious) he[ ] [was] no longer in ICE's custody and thus no longer need[ed] a bond hearing").

We therefore **ORDER AND ADJUDGE** that Crespo's Petition [ECF No. 1] is **DISMISSED *without prejudice* as moot**. All pending motions are **DENIED** as moot, and all deadlines are **TERMINATED**. The Clerk shall **CLOSE** the case.

**DONE AND ORDERED** in the Southern District of Florida on November 3, 2026.

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: Juan Rodriguez Crespo, *pro se*
counsel of record